IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| TERRY HUGHES, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )     Civil Action No. 2:19-00550 |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| | ) |
|     Defendant. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Defendant's Motion to Dismiss (Document No. 25), filed on April 25, 2020; and (2) Plaintiff's Motion to Amend Complaint (Document No. 35), filed on July 22, 2020. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendant's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by Defendant in moving to dismiss. (Document No. 28.) On July 22, 2020, Plaintiff filed his Response and Motion to Amend. (Document Nos. 35 and 36.) On July 28, 2020, Defendant filed a Reply. (Document No. 37.) Having examined the record and considered the applicable law, the undersigned has concluded that Defendant's Motion to Dismiss (Document No. 25) should be granted and Plaintiff's Motion to Amend (Document No. 35) should be denied as futile.

**PROCEDURAL BACKGROUND**

On July 25, 2019, Plaintiff filed his Application to Proceed Without Prepayment of Fees and a letter-form Complaint pursuant to 5 U.S.C. § 552(a)(4)(B). (Document Nos. 1 and 4.) In his letter-form Complaint, Plaintiff alleges that he requested and was wrongfully refused certain

information pursuant to the Freedom of Information Act ("FOIA").[1] (Document No. 1, pp. 4 - 10.) Plaintiff named the following as defendants: (1) Federal Bureau of Investigation ("FBI"); and (2) Drug Enforcement Administration ("DEA"). (Id.) Plaintiff alleges that the FBI and DEA are improperly withholding disclosable records concerning four individuals: (1) Kevin Andrew Broyles; (2) Michael Shane Tenney; (3) Wendy Dawn Bennet; and (4) Trevor Ward, aka "Legend." (Id.) Plaintiff indicates that the FBI and DEA refused to provide the above requested information claiming that the contents of such were exempted from FOIA disclosure. (Id.) As relief, Plaintiff appears to request that the FBI and DEA be required to disclose the requested information. (Id., pp. 3 - 4.)

As Exhibits, Plaintiff attaches the following: (1) A copy of a letter from the FBI dated February 9, 2018, denying Plaintiff's request for information concerning Mr. Broyles (Request No. 1395319) (Id., pp. 1 – 2.); (2) A copy of a letter from the U.S. Department of Justice Office of Information Policy dated August 2, 2018, noting that in considering Plaintiff's appeal and the submitted proof of death, the FBI has agreed to conduct a search for responsive records (Request No. 1395319) (Id., p. 3.); (3) A copy of a letter from the DEA dated April 18, 2018, denying Plaintiff's request for information concerning Mr. Broyles, Mr. Tenney, Ms. Bennett, and Mr. Ward (aka "Legend") (Case Number: 18-00514-F) (Id., pp. 11 – 12.); (4) A copy of a letter from the FBI dated August 22, 2018, responding to Plaintiff's FOIA request (Request No. 1395319) (Id., p. 13.); and (5) A copy of letter from a Supervisory Administrative Specialist dated April 25, 2018, noting that Plaintiff administrative appeal from the action of the FBI regarding Request

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed. 652 (1972).

No. 1395319 had been received (Id., p. 14.). On August 5, Plaintiff filed additional documentation in support of his Complaint. (Document No. 3.) Specifically, Plaintiff attached the following: (1) A copy of additional information and photographs of the third-party individuals (Id., pp. 1 – 5, 9.); (2) A copy of a CNIC Report concerning Scotty L. Stone (Id., pp. 6 – 8.); (3) A copy of a text message with "Hot Rod" (Id., p. 10.); (4) A copy of a statement from Amanda Mullins (Id., pp. 11 and 13.); (5) A copy of a sworn statement from Robert Malcomb (Id., p. 12.); and (6) A copy of text messages with Jasmine Ellison (Id., pp. 14 – 15.).

By Order entered on December 17, 2019, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue process upon the United States Department of Justice ("DOJ").[2] (Document No. 13.) The DOJ ("Defendant") filed its Answer on February 18, 2020. (Document No. 20.) On March 25, 2020, the Defendant filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum in Support. (Document Nos. 24 and 25.) Defendant argues that Plaintiff's claims should be dismissed because Plaintiff failed to exhaust FOIA's administrative remedies concerning his requests made to the FBI and the DEA. (Id., pp. 4 – 10.)

As Exhibits, Defendant attaches the following: (1) A copy of the Declaration of David M. Hardy, the Section Chief of the Record/Information Dissemination Section of the FBI (Document No. 24-1, pp. 1 - 7.); (2) A copy of Plaintiff's letter postmarked January 17, 2018, to

---

[2] FOIA provides a cause of action against federal agencies only. Components of federal agencies are not covered by FOIA. *Blackwell v. FBI*, 680 F.Supp.2d 79, 86, n. 1. (D.D.C. 2010). Since the FBI and DEA are components of the United States Department of Justice ["DOJ"], and the DOJ is an agency covered by FOIA, the DOJ is the proper defendant in the above case. *See* 5 U.S.C. § 552(f)(1); *also see Adionser v. Department of Justice*, 811 F.Supp.2d 284 (D.D.C. 2011). Accordingly, the undersigned ordered that the United States Department of Justice be substituted as the Defendant and the FBI and DEA be terminated from the Docket Sheet. (Document No. 13.)

the FBI's Cincinnati Division requesting documents (Id., pp. 9 -13.); (3) A copy of the FBI Cincinnati Division's letter dated January 30, 2018, to Plaintiff stating that the request had been forwarded to the FBI Records Management Division for processing (Id., p. 14.); (4) A copy of a letter dated February 9, 2018, from Section Chief David M. Hardy of the Records Management Division to Plaintiff acknowledging receipt of his FBI FOIA request and denying the request as improperly requesting information on one or more third-party individuals (Id., pp. 16 – 20.); (5) A copy of a letter dated April 4, 2018, from Plaintiff appealing the FBI's decision to the to the Director, Office of Information Policy ("OIP") and attaching proof of death concerning Kevin Andrew Broyles (Id., pp. 22 - 34.); (6) A copy of a letter dated April 25, 2018, from Supervisory Administrative Specialist Priscilla Jones notifying Plaintiff that his appeal had been received and assigned a case number (Id., p. 36.); (7) A copy of a letter dated August 2, 2018, from Associate Chief Matthew Hurd to Plaintiff noting that Plaintiff's appeal concerned a request for records concerning Kevin Andrew Broyles, Plaintiff had provided proof of death with his appeal, the FBI agreed to conduct a search for responsive records, and any records located would be sent to Plaintiff subject to an applicable fees (Id., p. 38.); (8) A copy of a letter dated August 22, 2018, from Section Chief Hardy to Plaintiff acknowledging the FBI's receipt of the remanded appeal and notifying Plaintiff that he will be informed of the results in a future correspondence (Id., p. 40.); (9) A copy of a letter dated August 22, 2018, from Section Chief Hardy to Plaintiff stating that the FBI had completed its search for records responsive to Plaintiff's request, the FBI was "unable to identify any main file records responsive to your request," and acknowledging that certain categories of records are exempted from the requirements of the FOIA (Id., pp. 41 – 44.); (10) The Declaration of Angela D. Hertel, the Acting Unit Chief of the FOIA Unit of the DEA

(Document No. 24-2, pp. 1 -3.); (11) A copy of Plaintiff's FOIA requests to the DEA concerning Kevin Andrew Broyles, Michael Shane Tenney, Wendy Dawn Bennett, and Trevor Ward (Id., pp. 5 – 7.); and (12) A copy of a letter dated April 18, 2018, from Chief Katherine L. Myrick of the FOIA Records Management Section to Plaintiff notifying him that information concerning third-parties could neither be confirmed nor denied and certain records were exempted from the requirement of FOIA (Id., pp. 9 – 11.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on March 26, 2020, advising him of the right to file a response to Defendant's Motion. (Document No. 28.) On July 22, 2020, following the granting of two extensions of time, Plaintiff filed his "Motion to Amend Complaint by Dismissing Certain Requests" (Document No. 35) and Response to Defendant's Motion to Dismiss (Document No. 36). On July 28, 2020, Defendant filed a Reply. (Document No. 37.)

## **THE STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be

enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). A motion to dismiss filed pursuant to Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Once subject matter jurisdiction is challenged, plaintiff bears the "burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Subject matter jurisdiction cannot be waived by the Court or the parties. The absence of subject-matter jurisdiction may be raised at any time. Lovern v. Edwards, 190 F.3d 648 (4th Cir. 1999). When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a District Court may refer to evidence outside the pleadings without converting the proceeding to one for summary judgment. See William v. United States, 50 F.3d 299 (4th Cir. 1995).

## **DISCUSSION**

In its Motion to Dismiss, Defendant argues that Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies under FOIA. (Document Nos. 24 and 25.) Defendant explains that Plaintiff submitted FOIA requests to both

the FBI and the DEA. (Id.) Defendant, however, contends that Plaintiff failed to fully exhaust his administrative remedies as to the requests made to both agencies. (Id.) Therefore, Defendant argues that this Court lacks subject matter jurisdiction. (Id.) In support of the foregoing, Defendant attaches the Declarations of Mr. Hardy (FBI) and Ms. Hertel (DEA) with supporting Exhibits. (Document Nos. 24-1 and 24-2.)

In Response, Plaintiff first argues that the Court should liberally construe his Complaint. (Document No. 36, p. 1.) Plaintiff contends that in his Complaint, he requests from the FBI and DEA "any and all documents available on Kevin Andrew Broyles regarding any crimes of murder, rape, assaults, stalking, weapons, explosives, robbery, or arson." (Id.) Plaintiff states that he further requested any documents that contain the "actual height and weight of Kevin Andrew Broyles." (Id.) Plaintiff acknowledges that his Complaint requests documents or records concerning Michael Shane Tenney, Wendy Dawn Bennett, Trevor (aka Legend) Ward. (Id.) Plaintiff concedes he failed to exhaust his administrative remedies concerning Michael Shane Tenney, Wendy Dawn Bennett, and Trevor Ward. (Id., p. 2.) Plaintiff, however, explains that he has now filed a Motion to Amend his Complaint to exclude all requests concerning Michael Shane Tenney, Wendy Dawn Bennett, and Trevor Ward. (Id., pp. 1 – 2.) Plaintiff argues that if this Court allows him to amend his Complaint, his Amended Complaint will only concern his request for documents and records involving Kevin Andrew Broyles. (Id., pp. 2 – 3, 5, 7.) Plaintiff argues he has fully exhausted his administrative remedies concerning Kevin Andrew Broyles. (Id.) Plaintiff states that to the extent he did not correctly exhaust his remedies, Plaintiff's failure should be excused because he did not understand the process and he "was dealing with mental and medical issues." (Id., pp. 3 – 4.) Plaintiff requests that the Court require

the "agency to prove de novo . . . that the information sought fits under one of the exemptions to the FOIA." (Id., p. 6.)

In Reply, Defendant argues that Plaintiff did not fully exhaust his administrative remedies with regards to Kevin Andrew Boyles. (Document No. 37.) Defendant states that Plaintiff incorrectly argues that his initial appeal to the FBI constituted an exhaustion of administrative remedies for both the DEA and the FBI FOIA requests. (Id.) Defendant contends that "Plaintiff's single appeal did not exhaust his available administrative remedies with respect to either FOIA request." (Id.) Therefore, Defendant asserts that this Court lacks subject matter jurisdiction because Plaintiff failed to fully exhaust his remedies on either FOIA request. (Id.)

The FOIA vests federal courts with jurisdiction to enjoin "an agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 522(a)(4)(B); also see Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980)(Federal courts lack the authority to order the production of records unless there is a showing that an agency has improperly withheld agency records."). Generally, a FOIA requester must exhaust his or her administrative remedies through the FOIA administrative process prior to seeking judicial review concerning his or her FOIA request. Coleman v. DEA, 714 F.3d 816, 820 (4th Cir. 2013). Upon receiving a proper FOIA request, an agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of" the following:

(I)    such determination and the reasons therefor;

(II)   the right of such person to seek assistance from the FOIA Public Liaison

8

        of the agency; and

(III)    in the case of an adverse determination –

    (aa)    the right of such person to appeal to the head of the agency, within a period determined by the head of the agency that is not less than 90 days after the date of such adverse determination; and

    (bb)    the right of such person to seek dispute resolution services from the FOIA Public Liaison of the agency or the Office of the Government Information Services[.]

5 U.S.C. § 552(a)(6)(A)(i). If the requester is not satisfied with an agency's response to a FOIA request, the requester may file an administrative appeal. Id. § 552(a)(6)(A)(i). The Office of Information Policy ("OIP") handles all appeals from DOJ component organization, such as the FBI and DEA. 28 C.F.R. § 16.9(a). Thus, the requester has 90 days from the date of the FBI and DEA's adverse decision to appeal to the OIP. Id. The OIP has twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of the appeal to "make a determination" on the appeal. 5 U.S.C. § 552(a)(6)(A)(ii). "If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination." Id. "If a requester is not satisfied with the outcome of an administrative appeal, the requester may seek judicial review of any adverse decision." Coleman, 714 F.3d at 820. The failure of a requester to fully exhaust his administrative remedies may result in the dismissal of an action for lack of subject matter jurisdiction. See Schwartz v. FBI, 31 F.Supp.2d 540, 542 (N.D.W.Va. 1998). "[A] requester 'shall be demmed to have exhausted his administrative remedies' and may commence litigation immediately if 'the agency fails to comply with the applicable time limit provisions' of the FOIA statute, 5 U.S.C. § 552(a)(6)(C)(i), so long as the agency has not cured its violation by responding before the

requester files suit." Coleman, 714 F.3d at 820 (citations omitted). Thus, the failure of an agency to timely respond to a FOIA request (including any extensions) may constitute "constructive exhaustion." Pollack v. DOJ, 49 F.3d 115, 118 (4th Cir. 1995)(citations omitted); also see Coleman, 714 F.3d at 823.

    A.    **Plaintiff's FBI FOIA Request:**

By letter postmarked January 17, 2018, Plaintiff submitted to the FBI a FOIA request concerning third-party individuals Kevin Andrew Broyles, Michael Shane Tenney, Wendy Dawn Bennett, and Trevor Ward (aka "Legend"). (Document No. 24-1, p. 2, 9 - 13.) Plaintiff's request did not include proof of death, or a thirty-party waiver, concerning any of the above individuals. (Id.) By letter dated January 30, 2018, the FBI Cincinnati Division informed Plaintiff that his FOIA request had been forwarded to the FBI Records Management Division for processing. (Id., p. 3 and 14.) By letter dated February 9, 2018, RIDS acknowledged receipt of Plaintiff's FOIA request and assigned a number to his request (FOIPA Request No. 1395319-000). (Id., p. 3, 16 - 20.) RIDS advised Plaintiff, in pertinent part, as follows:

> You have requested records on one or more third party individuals. Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 522(b)(6) and (b)(7)(C). The mere acknowledgment of the existence of the FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is our standard response to such requests and should not be taken to mean that records do, or do not, exist. As a result, your request has been closed. For more information about making requests for records on thirty party individuals (living or deceased), please see the enclosed FBI Third Party Fact Sheet.

(Id.) Finally, RIDS notified Plaintiff that he could file an appeal of the above decision by writing to the Director of the OIP within ninety (90) days from the date of the above letter.[3] (Id.)

---

[3] The RIDS included the following attachments for Plaintiff's review: (1) A copy of the

By letter dated April 4, 2018, Plaintiff submitted his appeal to OIP stating that he wished to obtain records concerning Kevin Andrew Broyles in FOIPA Request No. 1395319-000. (Id., p. 4, 22 - 34.) Plaintiff further stated that he was "not trying to obtain any information that would expose other persons or agents" and he was "mainly interested in what Kevin Andrew Broyles was being investigated for." (Id., p. 22.) Concerning Kevin Andrew Broyles, Plaintiff included a "Report of Death Investigation and Post-Mortem Examination Findings" from the Chief Medical Examiner for the State of West Virginia as proof of death. (Id., pp. 23 - 33.)

By letter dated April 25, 2018, the OIP acknowledged receipt of Plaintiff's appeal and assigned an appeal number (DOJ-AP-2018-004355). (Id., p. 4 and 36.) By letter dated August 2, 2018, the OIP noted Plaintiff had provided proof of death concerning Kevin Andrew Broyles and informed Plaintiff it was remanding Plaintiff's FOIA request (FOIPA Request No. 1395319) to the FBI for the FBI to conduct a search for responsive records regarding Kevin Andrew Broyles. (Id., p. 4 and 38.)

By letters dated August 22, 2018, the FBI notified Plaintiff that it had received OIP's appeal remand, a search had been conducted concerning Kevin Andrew Broyles, the FBI was "unable to identify any main file records responsive to your request," and acknowledging that certain categories of records are exempted from the requirements of the FOIA. (Id., p. 5, 40 - 42.) The FBI further advised that it was closing Plaintiff's FOIA request and he could appeal the decision to OIP within ninety (90) days of the date of the letter. (Id.) Plaintiff never filed an

---

"Explanation of Exemptions" regarding 5 U.S.C. §§ 552 and 552a (Id., p. 18); (2) A copy of the "FBI Third Party Fact Sheet" (Document No. 24-1, p. 19.); and (3) A copy of the DOJ's approved form for a "Certification of Identity" (Id., p. 20.). The Fact Sheet advises of three situations in which the FBI might be able to provide the records of a third-party: (1) If Plaintiff provided express authorization and consent from the third-party; (2) If Plaintiff provided proof of death of the third-party; or (3) If Plaintiff demonstrated that the public interest in government

administrative appeal to OIP regarding the foregoing determination. (Id.) On July 25, 2019, Plaintiff initiated the above action by filing his Complaint with the Court. (Document No. 1.)

Despite Plaintiff's argument to the contrary, a review of the record reveals that Plaintiff failed to fully exhaust his administrative remedies concerning his FOIA request to the FBI concerning Kevin Andrew Broyles, Michael Shane Tenney, Wendy Dawn Bennett, and Trevor Ward. Plaintiff concedes he failed to exhaust his administrative remedies concerning his FOIA request to the FBI regarding Michael Shane Tenney, Wendy Dawn Bennett, and Trevor Ward. Plaintiff, however, argues that he fully exhausted his administrative remedies concerning Kevin Andrew Broyels because he filed an appeal with the OIP. Therefore, Plaintiff contends that this Court should allow him to amend his Complaint to exclude his FOIA request concerning Michael Shane Tenney, Wendy Dawn Bennett, and Trevor Ward, and proceed with his claim concerning Kevin Andrew Broyels. The record, however, reveals that Plaintiff failed to fully exhaust his administrative remedies concerning Kevin Andrew Broyels. Although Plaintiff filed an appeal with the OIP regarding his FBI FOIA request concerning Kevin Andrew Broyels, the OIP remanded Plaintiff's FOIA request back to the FBI to conduct a search for responsive records regarding Kevin Andrew Broyles. The FBI conducted its search and notified Plaintiff by letter dated August 22, 2018, that the search yielded no responsive records. Instead of filing an appeal regarding his dissatisfaction with this decision to the OIP, Plaintiff initiated an action with this Court on July 25, 2019. Accordingly, the undersigned finds that Plaintiff failed to fully exhaust his administrative remedies concerning Kevin Andrew Broyles. Thus, any amendment to Plaintiff Complaint would be futile as Plaintiff's FBI FOIA requests concerning all of the above-named third-party individuals are unexhausted.

---

operations outweighed the personal privacy interest of the third-party.

Next, Plaintiff appears to argue he should be excused from exhausting his administrative remedies because he was suffering from physical and mental health issues from February through April 2018. The record, however, contradicts that Plaintiff was suffering from physical or mental health issues that prevented him from exhausting his administrative remedies from January through April 2018. Specifically, the record reveals submitted his FBI FOIA request by letter postmarked January 17, 2018 (Document No. 24-1, p. 2, 9 – 13), and Plaintiff submitted his appeal of the FBI's FOIA decision to OIP by letter dated April 4, 2018 (Document No. 24-1, p. 4. 22 – 34). Furthermore, Plaintiff failed to fully exhaust his remedies by failing to file an appeal to the OIP within ninety (90) days of the FBI's decision made on August 22, 2018. There is no indication or allegation that Plaintiff is suffering from any physical or mental health condition that would have prevented him from filing an appeal to the OIP within 90 days of the August 22, 2018, decision. Finally, Plaintiff indicates that his lack of knowledge of the administrative process resulted in his failure to exhaust. The foregoing, however, is again contradicted by the record. The FBI's decision letter dated August 22, 2018, advised Plaintiff that he could appeal the decision to OIP within ninety (90) days of the date of the letter. (Document No. 24-1, pp. 40 – 42.); also see Smith v. Boyd, 2008 WL 2763841, * 1 (D.S.C. July 11, 2008)(Refusing to excuse the exhaustion requirement based on plaintiff's ignorance of the requirement or any perceived futility or inadequacy with the administrative grievance process.) Accordingly, the undersigned finds that Plaintiff failed to fully exhaust his administrative remedies. The undersigned, therefore, respectfully recommends that the District Court grant Defendant's Motion to Dismiss concerning Plaintiff's FBI FOIA request (Document No. 24) and deny Plaintiff's Motion to Amend (Document No. 35) as futile.

B. **Plaintiff's DEA FOIA Request:**

By letter postmarked April 5, 2018, Plaintiff submitted to the DEA a FOIA request concerning third-party individuals Kevin Andrew Broyles, Michael Shane Tenney, Wendy Dawn Bennett, and Trevor Ward (aka "Legend"). (Document No. 24-2, p. 2, 5 - 7.) By letter dated April 18, 2018, the DEA acknowledged receipt of Plaintiff's FOIA request and assigned a number to his request (Case No. 18-00514-F). (Id., p. 2, 9 - 11.) The DEA advised Plaintiff, in pertinent part, as follows:

> This is in response to your request for any and all documents regarding Broyles, Kevin Andrew; Tenney, Michael Shane; Bennett, Wendy Dawn; and Ward, Trevor aka Legand. Please be advised that we neither confirm nor deny the existence of such records pursuant to Exemptions 6 & 7(C) of the FOIA. 5 U.S.C. §§ 522(b)(6) and (7)(C). Even to acknowledge the existence of law enforcement records on another individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. This is our standard response to such requests and should not be taken to mean that records do, or do not, exist.

(Id.) Next, the DEA further notified Plaintiff that certain records were exempted from the requirement of FOIA. (Id.) Finally, the DEA notified Plaintiff that he could file an appeal of the above decision by writing the Director of the OIP within ninety (90) days from the date of the above letter. (Id.) Plaintiff never filed an administrative appeal to OIP regarding the foregoing determination. (Id.) On July 25, 2019, Plaintiff initiated the above action by filing his Complaint with the Court. (Document No. 1.)

Despite Plaintiff's argument to the contrary, a review of the record reveals that Plaintiff failed to fully exhaust his administrative remedies concerning his FOIA request to the DEA concerning Kevin Andrew Broyles, Michael Shane Tenney, Wendy Dawn Bennett, and Trevor Ward. Plaintiff concedes he failed to exhaust his administrative remedies concerning his FOIA request to the DEA regarding Michael Shane Tenney, Wendy Dawn Bennett, and Trevor Ward.

Plaintiff, however, argues that he fully exhausted his administrative remedies concerning Kevin Andrew Broyels because he filed an appeal with the OIP. Plaintiff again contends that this Court should allow him to amend his Complaint to exclude his FOIA request concerning Michael Shane Tenney, Wendy Dawn Bennett, and Trevor Ward, and proceed with his claim concerning Kevin Andrew Broyels. The record, however, reveals that Plaintiff failed to fully exhaust his administrative remedies concerning Kevin Andrew Broyels. Although Plaintiff filed an appeal with the OIP regarding his FBI FOIA request concerning Kevin Andrew Broyels, Plaintiff never filed an appeal with the OIP regarding his DEA FOIA request. The DEA and FBI are separate entities. Thus, any exhaustion of Plaintiff's administrative remedies as to the FBI FOIA request does not constitute exhaustion of his administrative remedies concerning his DEA FOIA request. Furthermore, as explained above, Plaintiff failed to fully exhaust his administrative remedies concerning his FBI FOIA request. The undersigned, therefore, finds that Plaintiff failed to fully exhaust his administrative remedies concerning any of the above-named third-party individuals. Thus, any amendment to Plaintiff Complaint would be futile as Plaintiff's DEA FOIA requests concerning all of the above-named third-party individuals are unexhausted.

Next, Plaintiff argues he should be excused from exhausting his administrative remedies because he was suffering from physical and mental health issues from February through April 2018. As stated above, the record contradicts that Plaintiff was suffering from physical or mental health issues that prevented him from exhausting his administrative remedies from January through April 2018. Specifically, the record reveals submitted his FBI FOIA request by letter postmarked January 17, 2018 (Document No. 24-1, p. 2, 9 – 13), and Plaintiff submitted his appeal of the FBI's FOIA decision to OIP by letter dated April 4, 2018 (Document No. 24-1, p.

4. 22 – 34). Furthermore, Plaintiff failed to fully exhaust his remedies by failing to file an appeal to the OIP within ninety (90) days of the DEA's decision made on April 18, 2018. Even assuming Plaintiff was suffering from mental or physical health conditions through the end of April, 2018, there is no indication or allegation that Plaintiff was suffering from any physical or mental health condition that would have prevented him from filing an appeal from May through June, 2018. Finally, Plaintiff indicates that his lack of knowledge of the administrative process resulted in his failure to exhaust. The foregoing, however, is again contradicted by the record. The DEA's decision letter dated April 18, 2018, advised Plaintiff that he could appeal the decision to OIP within ninety (90) days of the date of the letter. (Document No. 24-2, pp. 9 – 11.) Accordingly, the undersigned finds that Plaintiff failed to fully exhaust his administrative remedies. The undersigned, therefore, respectfully recommends that the District Court grant Defendant's Motion to Dismiss concerning Plaintiff's DEA FOIA request (Document No. 24) and deny Plaintiff's Motion to Amend (Document No. 35) as futile.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Defendant's Motion to Dismiss (Document No. 24), **DENY** Plaintiff's Motion to Amend Complaint (Document No. 35), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 26, 2020.

Omar J. Aboulhosn
United States Magistrate Judge