UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


TERRY HUGHES,

      Plaintiff,

v.                                    Case No. 2:19-cv-00550

UNITED STATES DEPARTMENT OF JUSTICE,

      Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>


      Pending are (1) the defendant's motion to dismiss the <u>pro se</u> plaintiff's letter-form complaint, filed on March 25, 2020 (ECF No. 24); (2) the plaintiff's motion to amend his complaint, filed on July 22, 2020 (ECF No. 35); and (3) the plaintiff's motion for leave to supplement his exhibits in support of his objection to the Magistrate Judge's Proposed Findings and Recommendation, filed February 10, 2021 (ECF No. 52).[1]

---

[1] In his letter-form complaint, the plaintiff named the Federal Bureau of Investigation ("FBI") and the Drug Enforcement Administration ("DEA") as defendants. <u>See</u> ECF No. 1.  By a December 17, 2019 order, the Magistrate Judge determined that the United States Department of Justice was the correct defendant and substituted it as the named defendant. <u>See</u> ECF No. 13 at 1 n.2.

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). See ECF No. 2; ECF No. 12.  On October 26, 2020, the Magistrate Judge entered his PF&R recommending that the defendant's motion to dismiss be granted, that the plaintiff's motion to amend be denied, and that the civil action be removed from the court's docket.  See ECF No. 40.  The plaintiff timely filed his objections after the court granted him an extension of time in which to do so.  See ECF No. 45; ECF No. 49.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. § 636(b)(1)).

I.   Background

As the Magistrate Judge's summary of the plaintiff's complaint, to which the plaintiff does not object, explains, the plaintiff "alleges that he requested and was wrongfully refused

2

certain information pursuant to the Freedom of Information Act ('FOIA') . . . concerning . . . Kevin Andrew Broyles" and three other individuals by "the FBI and DEA." ECF No. 40 at 1-2. The plaintiff attached letters and other documents to support the allegations in his complaint. See id. at 2-3; see also ECF No. 1; ECF No. 3.

On March 25, 2020, the defendant filed its motion to dismiss, arguing that the court lacked subject-matter jurisdiction because the plaintiff had failed to exhaust FOIA's administrative remedies with respect to his requests for information from the FBI and DEA. See ECF No. 24; ECF No. 25. In support of its motion, the defendant attached affidavits and letters to demonstrate that the plaintiff had failed to pursue available administrative appeals. See ECF No. 40 at 3-5; ECF No. 24-1; ECF No. 24-2.

After twice being granted an extension of time, see ECF No. 30; ECF No. 34, the plaintiff filed his response to the motion to dismiss on July 22, 2020, ECF No. 36.[2] As the

---

[2] On March 10, 2020, the Magistrate Judge entered a scheduling order directing that discovery was to be completed by July 10, 2020. See ECF No. 23. Although the defendant moved to stay discovery while its motion to dismiss was pending before the Magistrate Judge, see ECF No. 26; ECF No. 27, the Magistrate Judge ruled on the motion to stay after the discovery period had ended and after he had entered the PF&R concerning the motion to dismiss, and he denied it as moot, see ECF No. 41. Thus, the

3

Magistrate Judge explains, the plaintiff's response "concedes [that] he failed to exhaust his administrative remedies concerning" the three individuals aside from Mr. Broyles.  ECF No. 40 at 7 (citing ECF No. 36).  However, the plaintiff argues that "he has fully exhausted his administrative remedies concerning [Mr.] Broyles" and that, "to the extent he did not correctly exhaust his remedies, [his] failure should be excused because he did not understand the process and he 'was dealing with mental and medical issues.'"  Id. (quoting ECF No. 36 at 3-4).

On the same day he filed his response to the motion to dismiss, the plaintiff also filed his motion to amend his complaint.  See ECF No. 35.  As the Magistrate Judge explains, if the motion were granted, the plaintiff's proposed amended complaint would "only concern his request for documents and records involving [Mr.] Broyles" and would "exclude all requests concerning" the three other individuals.  ECF No. 40 at 7.

The Magistrate Judge concluded that the plaintiff failed to exhaust his administrative remedies and thus that the

---

plaintiff had the opportunity to conduct four months of discovery, nearly all of which occurred while the motion to dismiss was pending before the Magistrate Judge.

court lacks subject-matter jurisdiction.[3]  The Magistrate Judge first noted the plaintiff's concession that he failed to exhaust administrative remedies for his requests to both the DEA and the FBI concerning the three individuals other than Mr. Broyles, and further noted that the record demonstrated that the plaintiff had failed to exhaust as to these three individuals as well. See id. at 12, 14-15.

As for the plaintiff's requests concerning Mr. Broyles, the Magistrate Judge assessed exhaustion of the requests made to the FBI and the DEA separately.  With respect to his requests made to the DEA, the Magistrate Judge concluded that the record demonstrated that the plaintiff never filed an administrative appeal of any of the DEA's decisions with the Office of Information Policy ("OIP") within the 90-day period for doing so set by regulation.  See id. at 9, 15 (citing 28 C.F.R. § 16.9(a)).

With respect to his requests concerning Mr. Broyles made to the FBI, the Magistrate Judge also concluded that the record demonstrated that the plaintiff had failed to exhaust his

---

[3] The plaintiff does not contest the Magistrate Judge's ruling that FOIA's exhaustion requirement is jurisdictional.  Neither the Supreme Court nor the Fourth Circuit appears to have addressed the issue.  The court concludes that the exhaustion requirement is jurisdictional.  See Schwartz v. FBI, 31 F. Supp. 2d 540, 542 (N.D.W. Va. 1998).

administrative remedies.  The Magistrate Judge found the
following.  By a February 9, 2018 letter, the FBI had "closed"
the plaintiff's request concerning Mr. Broyles because the
request involved a "third party individual[]."  ECF No. 24-1 at
16.  An enclosure further advised that the FBI might be able to
provide information regarding a third-party individual if the
plaintiff provided proof of the individual's death.  See id. at
19.  The plaintiff submitted an administrative appeal of this
initial decision to the OIP within the 90-day period, attaching
proof of Mr. Broyles' death.  See id. at 22-33.  By an August 2,
2018 letter, the OIP notified the plaintiff that it was
remanding the request to the FBI in light of the proof of death
the plaintiff had provided and that the FBI had agreed to
conduct a search for records responsive to the plaintiff's
request.  See id. at 38.  The letter also advised the plaintiff:

> If you are dissatisfied with [the OIP's] action on
> your appeal, the FOIA permits you to file a lawsuit in
> federal district court in accordance with [FOIA].
> within the 90-day period for doing so.

Id.

     By an August 22, 2018 letter, the FBI informed the
plaintiff that it had completed its search and had located no
information responsive to his request regarding Mr. Broyles and
that the request was thus closed.  See id. at 41.  The letter
further advised that the plaintiff could appeal the FBI's

decision to the OIP within 90 days.  See id.  The Magistrate
Judge determined that the record demonstrated that the plaintiff
never submitted an appeal to the OIP following this second
decision from the FBI.  See ECF No. 40 at 11-12.

Based on this record, the Magistrate Judge concluded
that, although the plaintiff filed an administrative appeal from
the FBI's initial February 9, 2018 decision, the record
demonstrated that he failed to fully exhaust his administrative
remedies by submitting an appeal to the OIP regarding the FBI's
second, August 22, 2018, decision within the 90-day period set
by regulation.  See id. at 12.

The Magistrate Judge further determined that the
plaintiff's arguments that he should be excused from the
exhaustion requirement are meritless.  To the extent the
plaintiff asserts he was unaware he needed to appeal from the
FBI's second decision, the Magistrate Judge concluded that the
plaintiff's ignorance provided no basis to excuse exhaustion.
See id. at 13.  The Magistrate Judge also rejected the
plaintiff's argument that the exhaustion requirement should be
excused because he was suffering from physical and mental health
issues between February and April 2018.  See id.  The Magistrate
Judge concluded that the plaintiff's claims of health issues
preventing him from appealing to the OIP were belied by the

record and, more importantly, noted that the plaintiff presented
no allegation or evidence that health issues prevented him from
appealing to the OIP from the FBI's August 22, 2018 letter,
months after his alleged health issues between February and
April 2018.  See id.

Finally, the Magistrate Judge concluded that the
amendment the plaintiff proposed — proceeding only on his claims
concerning his requests with respect to Mr. Broyles — would be
futile because it could not cure the jurisdictional deficiencies
identified by the Magistrate Judge.  See id. at 15-16.

On December 16, 2020, the plaintiff filed his
objections to the PF&R, contesting the Magistrate Judge's
conclusion that he failed to exhaust his administrative
remedies.  See ECF No. 47.  And on February 10, 2021, the
plaintiff filed a motion for leave to supplement his evidentiary
submission in support of his objections.  See ECF No. 52.

## II.  Legal Standard

Federal district courts are courts of limited subject-
matter jurisdiction, possessing "only the jurisdiction
authorized them by the United States Constitution and by federal
statute."  United States ex rel. Vuyyuru v. Jadhav, 555 F.3d
337, 347 (4th Cir. 2008).  As such, "there is no presumption

8

that the court has jurisdiction." Pinkley, Inc. v. City of
Frederick, 191 F.3d 394, 399 (4th Cir. 1999).  Indeed, when the
existence of subject matter jurisdiction is challenged, "[t]he
plaintiff has the burden of proving that subject matter
jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642,
647 (4th Cir. 1999); see also Richmond, Fredericksburg, &
Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.
1991).  If subject-matter jurisdiction is lacking, the claim
must be dismissed.  See Arbaugh v. Y & H Corp., 546 U.S. 500,
506 (2006).

Subject-matter jurisdiction may be attacked with
either a facial or a factual challenge.  See Kerns v. United
States, 585 F.3d 188, 192 (4th Cir. 2009).  When, as here, the
defendant raises a factual challenge and the jurisdictional
facts are not intertwined with the merits of the case, the court
need not accept the complaint's jurisdictional allegations as
true, and it may resolve the challenge by looking beyond the
pleadings and considering the evidence presented.  See id. at
192-93.  And when a defendant raises a factual challenge, the
plaintiff bears the burden of proving jurisdictional facts by a
preponderance of the evidence.  See Jadhav, 555 F.3d at 347.

III. Discussion

        The plaintiff raises two objections to the Magistrate
Judge's conclusion that he failed to exhaust administrative
remedies with respect to the FOIA request for information
regarding Mr. Broyles that he submitted to the FBI.[4]  The court
reviews the objections de novo.

        First, the plaintiff points to the OIP's August 2,
2018 letter notifying him that it had remanded his FOIA request
to the FBI after he had appealed the FBI's initial decision.  In
the letter, the OIP stated that, if the plaintiff was
dissatisfied with the OIP's action on his appeal, he could
commence a lawsuit in federal court in accordance with FOIA.
The plaintiff argues that he understood this statement to mean
that he had "constructively exhausted his administrative
remedies," and was thus permitted to commence suit.  ECF No. 47
at 2.

        The court is not persuaded.  FOIA typically requires a
plaintiff to exhaust administrative remedies by appealing a

---

[4] Notably, the plaintiff does not object to the Magistrate
Judge's conclusion that he failed to exhaust his administrative
remedies with respect to his FOIA requests regarding the three
other individuals or the FOIA request regarding Mr. Broyles that
he submitted to the DEA.

grievance through the administrative process before he may
commence suit.  See Coleman v. DEA, 714 F.3d 816, 820 (4th Cir.
2013).  However, constructive exhaustion permits a plaintiff to
commence suit when, in certain circumstances, an agency fails to
comply with FOIA's time-limit provisions.  See id.  The
plaintiff has not alleged or shown that the FBI failed to comply
with FOIA's time limitations; thus, FOIA's provisions relating
to constructive exhaustion have no application here.  Further,
the plaintiff cites no authority suggesting that FOIA's
exhaustion requirement may be satisfied when a requester
mistakenly believes that he has exhausted his administrative
remedies, and the court is aware of none.[5]  Accordingly, this
objection is overruled.

        Second, the plaintiff argues that the Magistrate Judge
wrongly concluded that he failed to substantiate his claim that
medical conditions he experienced from February to April 2018

_____

[5] Further, the statement in the OIP's August 2, 2018 letter on
which the plaintiff relies is not reasonably susceptible to the
meaning he ascribes to it.  Fairly read, the letter refers to
the OIP's action of remanding his request to the FBI so that the
FBI could search for responsive information, and informs the
plaintiff that, if he is dissatisfied with that action (i.e.,
the decision to remand), he may commence suit in accordance with
FOIA.  See ECF No. 24-1 at 38.  Nothing in the letter suggests
that the plaintiff could commence suit based on his
dissatisfaction with a future decision by the FBI or that he may
do so in contravention of FOIA's exhaustion requirement.

prevented him from filing an administrative appeal with the OIP following the FBI's initial closure of his request on February 9, 2018.  The court again is not persuaded.  As the Magistrate Judge pointed out, the plaintiff's medical condition did not prevent him from timely filing an appeal from the FBI's initial February 9, 2018 decision because the plaintiff did, in fact, timely file a successful appeal of that decision.

Although the plaintiff does not expressly object to it, the Magistrate Judge also concluded that he had neither alleged nor shown that a medical condition prevented him from timely appealing the FBI's later August 22, 2018 decision, which is the subject of his complaint.  The plaintiff proffers along with his objections medical records detailing treatments he received in October and December 2016, November and December 2017, and March and April 2018.  See EFC No. 47 at 7-14.  These, of course, have no bearing on the plaintiff's medical condition or ability to appeal from the FBI's second August 22, 2018 decision.

Lastly, the plaintiff has filed a motion for leave to supplement his evidentiary submission with additional medical records.  See ECF No. 52.  Although the bulk of the medical records he provides concern treatment he received before the FBI's August 22, 2018 decision, see ECF No. 52-1 at 1-99, some

of them concern treatment he received on August 22, 2018, <u>see</u> <u>id.</u> at 100-10.  Those records state that the plaintiff was being treated roughly three weeks after having pins removed from his hand following reconstructive surgery.  <u>See id.</u>  As the defendant observes, <u>see</u> ECF No. 54 at 5-6, the treatment notes indicate significant recovery since his procedure, <u>see</u> ECF No. 52-1 at 107-08 (noting "incision sites are well-healed," "no evidence of any erythema or drainage," "no tenderness to palpitation," "[h]e's able to flex his fourth and fifth digits without any restrictions," "sensations grossly intact," and "he has no restrictions at this time").  Thus, to the extent the plaintiff offers these records as a means of objecting to the Magistrate Judge's conclusion that he failed to demonstrate that his medical condition prevented him from timely filing an administrative appeal, the court is not persuaded.  The treatment notes from August 22, 2018, are not sufficient to demonstrate by a preponderance that the plaintiff was unable to submit an administrative appeal to the OIP within 90 days of the FBI's August 22, 2018 decision

Accordingly, although the court grants the plaintiff's motion to supplement his evidentiary submission, the court overrules his objection to the PF&R's conclusion that he failed

to show his medical conditions prevented him from timely exhausting his administrative remedies.

In sum, the plaintiff has failed to meet his burden to show by a preponderance of the evidence that he exhausted his administrative remedies with respect to his FOIA requests. Consequently, the court agrees with the Magistrate Judge's determinations that the plaintiff's complaint should be dismissed for lack of subject-matter jurisdiction and that the plaintiff's proposed amendment would be futile.

## IV.  Conclusion

For the foregoing reasons, it ORDERED that:

1.   the plaintiff's motion for leave to supplement his exhibits in support of his objection to the PF&R (ECF No. 52) be, and hereby it is, granted;

2.   the plaintiff's objections to the PF&R (ECF No. 47) be, and hereby they are, overruled;

3.   the Magistrate Judge's PF&R (ECF No. 40) be, and hereby it is, adopted by the court and incorporated herein;

4.    the defendant's motion to dismiss the plaintiff's
      complaint (ECF No. 24) be, and hereby it is,
      granted;

5.    the plaintiff's motion to amend his complaint
      (ECF No. 35) be, and hereby it is, denied;

6.    all other pending motions (ECF No. 48) be, and
      hereby they are, denied as moot; and

7.    this action be, and hereby it is, dismissed and
      stricken from the court's docket.

The Clerk is directed to transmit copies of this
memorandum opinion and order to the pro se plaintiff, all
counsel of record, any other unrepresented parties, and the
Magistrate Judge.

ENTER: February 24, 2021

John T. Copenhaver, Jr.
Senior United States District Judge